CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RHe

APR 04 2013

JULIA C. DUDLEY, CLERK
BY: HMcClnaoy
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

|  |  |  |
|---|---|---|
| MICHAEL A. MCCLANAHAN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:13cv00120 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TERRY JOSEPH STILTNER, <u>et al.</u>, | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Michael Anthony McClanahan, proceeding <u>pro se</u>, brings this civil rights action

pursuant to 42 U.S.C. § 1983 against attorney Terry Joseph Stiltner and the law firm of

Galumbeck, Dennis & Kegley, alleging that defendant Stiltner provided ineffective assistance of

counsel during petitioner's state court criminal trial and appeal.    Plaintiff states that Stiltner

"misrepresented the plaintiff" in the Circuit Court of Buchanan County and the Court of Appeals

of Virginia, abandoned an appeal in the Court of Appeals, and failed to timely advise the plaintiff

of his appeal being dismissed.  (Docket No. 1)  Plaintiff's complaint does not make any specific

allegations against the law firm Galumbeck, Dennis & Kegley.  I find that neither Stiltner nor the

law firm is a proper defendant to a § 1983 action, accordingly, I will dismiss plaintiff's

complaint for failing to state a claim.

To state a claim for relief under § 1983, a plaintiff must allege facts indicating that he has

been deprived of rights guaranteed by the Constitution or laws of the United States and that this

deprivation resulted from conduct committed by a person acting under color of state law.  <u>West</u>

<u>v. Atkins</u>, 487 U.S. 42 (1988).  An attorney, whether retained, court-appointed, or a public

defender, does not act under color of state law when performing traditional functions as counsel.

<u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 317-324 (1981) (public defender); <u>Hall v. Quillen</u>,

631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); <u>Deas v. Potts</u>,

547 F.2d 800 (4th Cir. 1976) (private attorney).[1] Additionally, a law firm is not a person for the purposes of a § 1983 claim and, further, plaintiff has not alleged any facts against the law firm.

For the reasons stated, I will dismiss McClanahan's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.

The Clerk of the Court is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 4th day of April, 2013.

Senior United States District Judge

---

[1] To the extent that the plaintiff wishes to challenge the validity of his conviction or sentence, he may file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, after he has exhausted all state court remedies.